IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HOLT, | : CIVIL ACTION NO. **1:18-CV-01272** |
| Plaintiff, | : |
| v. | : (WILSON, J.) |
| | : (SAPORITO, M.J.) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendant. | : |
| DAVID HOLT, II, | : CIVIL ACTION NO. **1:18-CV-02448** |
| Plaintiff, | : |
| v. | : (WILSON, J.) |
| | : (SAPORITO, M.J.) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendant. | : |

## MEMORANDUM

The plaintiff, a retired Pennsylvania state police sergeant, alleges that he was denied promotions to Lieutenant and Captain on numerous occasions because of his race and opposing race discrimination by the Pennsylvania State Police. He initiated this action in the United States District Court for the Eastern District of Pennsylvania, and it was later

transferred to this court. His amended complaint in Case No. 18-cv-1272, filed on September 14, 2017, sets forth five causes of action: (1) First Amendment retaliation under 42 U.S.C. § 1983; (2) race discrimination under § 1983; (3) employment discrimination/retaliation under Title VII, 42 U.S.C. § 2000e; (4) employment discrimination/hostile work environment, under Title VII; and (5) employment discrimination/retaliation under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq., Counts III and IV were dismissed against the individual defendants. (Case No. 18-cv-1272 Doc. 19; Doc. 20.) Counts I and II brought against the Commonwealth and the PSP were dismissed. (*Id.*) Plaintiff's PHRA claim (Count V) as alleged against the Commonwealth and the PSP was dismissed. (*Id.*)

The plaintiff's complaint in Case No. 18-cv-2448 filed on December 28, 2018, sets forth five causes of action: (1) First and Fourteenth Amendment retaliation under 42 U.S.C. §§1983, 1985; (2) race discrimination under 42 U.S.C. §1983; (3) employment discrimination/retaliation under Title VII, 42 U.S.C. §2000e; (4) employment discrimination/hostile work environment under Title VII; and (5) employment discrimination/retaliation under the PHRA.

2

The parties are involved in discovery and a dispute arose over taking depositions of the following individuals: (1) Robert Evanchick, a defendant and the current Pennsylvania state police commissioner; (2) Frank Noonan, a dismissed party-defendant in both actions and a former Pennsylvania state police commissioner; (3) Tyree Blocker, a named defendant in Case No. 18-cv-2448, a dismissed party defendant in Case No. 18-cv-1272, and a former Pennsylvania state police commissioner; and (4) Marcus Brown, a named defendant in Case No. 18-cv-1272 only, a former Pennsylvania state police commissioner, and the current director of the Pennsylvania Department of Homeland Security.

This matter was previously assigned to the undersigned on the same issue in Case No. 18-cv2448 which related to depositions of the defendants. (Doc.15). There, and after a telephone conference with counsel, it was agreed that the defendants' depositions would take place by October 11, 2019. We entered an order to that effect. (Doc. 20).

The current dispute (Case No. 18-cv-1272 Doc. 50; Case No. 18-cv-2448 Doc. 25) was assigned to the undersigned for resolution. We held a telephone conference with counsel on December 23, 2019. During the conference, defense counsel sought a protective order under the high-

ranking official doctrine as a bar to taking the depositions. We directed the parties to submit memoranda on this issue which we received. (Case No. 18-cv-1272 Doc. 62; Doc. 63; Case No. 18-cv-2448 Doc. 37; Doc. 38.) The issue is ripe for a decision.

## I.   *Legal Standards*

The parties may take ten depositions without leave of the court or a stipulation of the parties. Fed. R. Civ. P. 30(a)(1) and (2)(A)(i). If a party seeks additional depositions without the consent of the other party, "the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) states that courts must limit the depositions if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Pursuant to Federal Rule of Civil Procedure 26(c), a party may move for and a court may issue, for good cause, a protective order to

4

protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Evaluating undue burden considerations, courts have recognized the need for protective orders for certain high-ranking officials. "There is wide agreement among the Circuits that current high-ranking government officials should not be subject to the taking of depositions absent extraordinary circumstances." *United States v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 316 (D.N.J. 2009); *see also Johnson v. Attorney Gen. of N.J.*, Civ. Action No. 12-4850, 2015 WL 4915611, at *2 (D.N.J. Aug. 18, 2015). This principle arises from the landmark case of *United States v. Morgan,* 313 U.S. 409 (1941), in which the Supreme Court disfavored the taking of depositions of current high-ranking governmental officials. In its decision, the Supreme Court analyzed the effects of probing the decision-making process and noted that "[j]ust as a judge cannot be subjected to such scrutiny, so the integrity of the administrative process must be equally respected." *Id.* at 422. Other district courts in the Third Circuit have expressed an interest in "ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion." *See Buono v. City of Newark,* 249 F.R.D. 469, 470 n.2

(D.N.J. 2008). In *Buono,* the Court relied upon the First Circuit's observation that, "this rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses," and "without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Id.* (citing *Bogan v. City of Boston,* 489 F.3d 417, 423–24 (1st Cir. 2007)). Thus, "[h]igh ranking government officials are generally entitled to limited immunity from being deposed concerning matters about which they have no unique personal knowledge." *Brennan v. City of Philadelphia,* 388 F.Supp. 3d 516, 520 (E.D. Pa. 2019).

While courts typically refrain from allowing high-ranking officials to be deposed, extraordinary circumstances may exist to overcome this general rule. In examining whether extraordinary circumstances are present, the Court looks to five factors outlined by the First Circuit: "(1) that the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that could not be reasonably obtained from other sources; (3) the testimony is essential to that party's case; [ (4 ] the deposition would not significantly interfere with the ability of the official to perform his

government duties; and [ (5) ] that the evidence sought is not available through any alternative source or less burdensome means." *Buono,* 249 F.R.D. at 470 (quoting *Bogan,* 489 F.3d at 423–24).

## *II. Discussion*

The plaintiff argues that the high-ranking official doctrine does not apply under the facts of this case. Alternatively, the plaintiff contends that to the extent that the doctrine does apply, the defendants waived it.

### 1. *Application of the High-Ranking Official Doctrine*

Our analysis begins with the determination whether a state police commissioner, current or former, is a high-ranking government official. Whether an individual qualifies as a high-ranking government official is decided on a case-by-case basis. *Cf. Byrd v. Dist. of Columbia,* 259 F.R.D. 1, 6 (D.D.C. 2009). The Third Circuit has yet to establish a bright-line rule for classifying individuals as "high-ranking." *See Sensient Colors,* 649 F.Supp 2d at 316. In addressing this issue in *Buono*, the Court found that *Morgan* applied to the Mayor of Newark. *Buono,* 249 F.R.D. at 470. Other district courts have applied the *Morgan* doctrine to establish that a chief of police, a former police commissioner, and a state police superintendent constitute high-ranking government officials. *See Detoy*

*v. City & Cty. of San Francisco*, 196 F.R.D. 362, 370 (N.D. Cal. 2000); *Gibson v. Carmody*, No. 89 Civ. 5358 (LMM) 1991 WL 161087, at *2 (S.D.N.Y. Aug.14, 1991); *Johnson*, 2015 WL 4915611, at *2. Other courts have held that the Mayor of the District of Columbia, United States Senators, the General Counsel to United States House of Representatives, the Attorney General of the United States, and certain high administrative heads are high-ranking officials for this purpose. *See Alliance for Global Justice v. District of Columbia*, No. 01–00811 (PLF/JMF), 2005 WL 1799553, (D.D.C. July 29, 2005); *Bardoff v. United States*, 628 A.2d 86 (D.C. 1993); *Davis v. United States*, 390 A.2d 976 (D.C. 1978) We find that Commissioner Robert Evanchick, the current Pennsylvania state police commissioner, qualifies as a high-ranking public official. However, it is undisputed that former state police commissioners Frank Noonan and Tyree Blocker, who are sought to be deposed, are no longer high-ranking officials as they no longer serve as commissioner or as the head of any other department. (Doc. 62, at 6-7). The need to protect them from the burdens of being deposed, as defined by *Morgan*, no longer exists. "[I]t is the current position, and not any former position that is evaluated." *Byrd*, 259 F.R.D. at 8. The defendants

maintain that because Noonan is not a named defendant in these cases, and that Blocker is a named defendant in Case No. 18-cv-2448, but not in Case No. 18-cv-1272, they should not be deposed. Further, with respect to Blocker, they argue that there are other named defendants who had more direct involvement in the plaintiff's case who are permitted to be deposed, thus precluding the plaintiff from showing that Blocker's deposition is necessary. We disagree. The defendants have not identified the other named defendants, nor have they described the nature of their involvement. The taking of depositions is not limited to parties, but rather, the deponent can be "any person, including a party." Fed. R. Civ. P. 30(a)(1). In addition, we have found that Noonan and Blocker are no longer considered high-ranking officials. Therefore, we find that both Noonan and Blocker may be deposed in these actions.

Former state police commissioner Brown has been identified as the current director of the Pennsylvania Department of Homeland Security. (Doc. 62, at 7.) Other than stating that he is the current director, the defendants do not state his official duties. Nevertheless, based upon his title and the fact that he is the head of a Commonwealth agency, it

appears that he qualifies as a current high-ranking official. Our inquiry does not end there.

### 2. *Analysis of the Need for a Protective Order*

We must examine whether extraordinary circumstances are present to overcome the general rule that Commissioner Evanchick and/or former Commissioner and now Director Brown should not be subject to the taking of depositions. In undertaking this analysis, we must determine whether the official has personal involvement or knowledge relevant to the case. *Sensient Colors,* 649 F.Supp. 2d at 322. The official has personal involvement or knowledge where the official has "acted" in some fashion. *Id.* But "[a] party must still show that the information cannot be gleaned from other sources or achieved through less burdensome means." *Buono,* 249 F.R.D. at 471 n.2.

The plaintiff has alleged that Evanchick was a principal decision-maker who made decisions that adversely affected the plaintiff's work assignments, career advancements, discipline, times and types of duty performed, and participated in the adverse actions taken against the plaintiff. (18-cv-2448 Doc. 1 ¶¶16, 50-55, 74-76.) As Evanchick is alleged to have been an integral decision-maker and participated in the alleged

adverse actions taken against the plaintiff, he may have personal knowledge regarding the actions he took with respect to the plaintiff. Based upon the limited record before us, it does not appear that this information can be determined from other sources or achieved through less burdensome means. *See Brennan*, 388 F.Supp 3d at 520. However, because we find that Evanchick is a high-ranking official and that extraordinary circumstances exist to allow the plaintiff to depose him, his deposition shall be held on a date, time, and at a location convenient for him so that he may have access to all forms of communication, on an as needed basis, to carry out his functions as the current state police commissioner.

With respect to Brown, the plaintiff has alleged that he emailed Brown on April 25, 2015, regarding complaints of discrimination and retaliation, but failed to receive a positive response. (Case No. 18-cv-1272 Doc. 6 ¶¶ 122, 137.) Brown may be able to confirm the existence of the email from the plaintiff, and if so, he can potentially discuss its contents and the disposition of the allegations contained within it. Based upon the limited record before us, it does not appear that this information can be determined from other sources or achieved through less burdensome

means. Therefore, we find his deposition relevant and not cumulative. However, because we find that Brown is a high-ranking official and that extraordinary circumstances exist to allow the plaintiff to depose him, his deposition shall be held on a date, time, and at a location convenient for him so that he may have access to all forms of communication, on an as needed basis, to carry out his functions as the current director of the Pennsylvania Department of Homeland Security.

An appropriate order follows.

/s/ Joseph F. Saporito, Jr.
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: January 28, 2020