# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HOLT, | Civil No. 1:18-CV-01272 |
| Plaintiff, | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Defendants. | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an employment discrimination case that is currently before the court on Defendants' motion for summary judgment. For the reasons that follow, the motion is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff David Holt ("Holt") initiated this case through the filing of a complaint in the United States District Court for the Eastern District of Pennsylvania on June 6, 2017. (Doc. 1.) Holt filed an amended complaint on September 14, 2017, which remains the operative pleading in this case. (Doc. 6.)

In the amended complaint, Holt, who is an African American male, alleges that he was subjected to discrimination on the basis of race in his time as a sergeant with the Pennsylvania State Police ("PSP"), including several instances in which he was denied promotions and one instance in which he was transferred from one

barracks to another. (Doc. 6.)[1] The amended complaint alleges that Holt was subjected to discrimination based on his race and retaliation based on his complaints of prior race discrimination against himself and other officers within the PSP. (*See id.*) The amended complaint raises causes of action for retaliation in violation of the First Amendment under 42 U.S.C. § 1983; race discrimination in violation of § 1983; employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; hostile work environment in violation of Title VII; and employment discrimination and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"). (*See id.*)

Defendants moved to dismiss the amended complaint, *see* Docs. 14–15, and United States District Judge Mitchell S. Goldberg granted the motions in part and denied them in part on May 24, 2018. (Docs. 19–20.) Specifically, Judge Goldberg dismissed the § 1983 claims in Counts I and II of the amended complaint against Defendants Commonwealth of Pennsylvania, the PSP, Blocker, Noonan, Bivens, Hoke, and Bacher; dismissed the Title VII claims in Counts III and IV against Defendants Brown, Noonan, Bivens, Hoke, Morris, Bacher, Troxell, Cain, O'Hara, and Blocker; and dismissed the PHRA claim in Count V against all Defendants except Defendant Cain. (Doc. 20.) As a result of those dismissals, the

---

[1] The amended complaint is split into three separate documents. (*See* Docs. 6, 6-1, 6-2.) The court will collectively cite to the three documents as "Doc. 6" whenever appropriate.

2

claims that remained in the case were Title VII claims in Counts III and IV against Defendants Commonwealth of Pennsylvania and the PSP; § 1983 claims in Counts I and II against Defendants Brown, Morris, Troxell, Cain, and O'Hara; and a PHRA aiding and abetting claim against Defendant Cain in Count V. (Doc. 19, p. 21.)[2] Judge Goldberg ordered the case to be transferred to this district for further consideration of these remaining claims. (Doc. 20.) The case was transferred and assigned to United States District Judge Christopher C. Conner.

The remaining Defendants answered the complaint on July 24, 2018. (Doc. 30.) Holt then filed a second amended complaint on November 14, 2018, *see* Doc. 36, but the court struck the second amended complaint from the record on December 13, 2018, noting that Holt had not sought the consent of the opposing parties or leave of the court before filing the second amended complaint as required by Federal Rule of Civil Procedure 15. (Doc. 40.)

The case was reassigned to the undersigned by verbal order on November 14, 2019. On November 24, 2020, Holt moved for discovery sanctions against the remaining Defendants, asking the court to compel the production of "documents and things," and seeking other unspecified sanctions. (Doc. 89.) Holt additionally sought to preclude Defendants from filing any dispositive motions. (*Id.* at 2.) The

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

3

court denied the motion for sanctions on February 22, 2021, due to Holt's "multifaceted failure to comply with court orders, the local rules of this district, and the Federal Rules of Civil Procedure," including a failure to comply with the court's procedure for resolution of discovery disputes, a failure to submit a brief in support of the motion, a failure to specify the relief that was sought in the motion, and a failure to present "any discernible legal argument" in support of the motion. (Doc. 99.) Additionally, given that Holt's motion sought a court order precluding Defendants from filing dispositive motions, the court sua sponte extended the deadline for all dispositive motions to March 22, 2021. (*Id.* at 4.)

Following another extension of the deadline, the remaining Defendants filed the instant motion for summary judgment on April 1, 2021,[3] along with a supporting brief and a statement of material facts. (Docs. 108–10.) Holt filed a brief opposing the motion on April 22, 2021, along with a response to Defendants' statement of material facts, his own counter-statement of material facts, and several exhibits. (*See* Doc. 113.) As part of his brief in opposition to the motion, Holt requests additional discovery under Federal Rule of Civil Procedure 56(d). (*See*

---

[3] Although the motion lists Defendant "Houser" as one of the defendants moving for summary judgment and does not list Defendant Morris, *see* Doc. 108, p. 1, the brief in support of the motion corrects this error and states that Defendant Morris is moving for summary judgment. (*See* Doc. 109, p. 6.) The court accordingly finds that Holt was given adequate notice of the fact that Defendant Morris was moving for summary judgment and will excuse Defendants' typographical error.

4

Doc. 113, pp. 22, 25.) Holt additionally attaches an affidavit to support that request from his attorney, Brian M. Puricelli. (*See* Doc.114.)

Defendants filed a reply brief in support of the motion on May 6, 2021. (Doc. 120.) In addition to responding to Holt's legal arguments, Defendants also note that Holt violated the Local Rules of this district by filing a counter-statement of material facts and by incorporating portions of his brief from a related case into his brief. (*Id.* at 7–8.) Defendants accordingly seek to strike Holt's counter-statement of material facts from the record and ask the court to disregard any arguments that are incorporated from Holt's briefs in other cases. (*Id.*) With briefing on the motion for summary judgment complete, it is now ripe for the court's disposition.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims that are so closely related to federal claims as to be part of the same case or controversy.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

# DISCUSSION

## A. Holt's Request for Additional Discovery Is Denied

The court will first address Holt's request for additional discovery. When a party opposing a motion for summary judgment shows that it "cannot present facts essential to justify its opposition," the court may allow the parties additional time for discovery. Fed. R. Civ. P. 56(d). "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015)).

To properly request additional discovery for purposes of opposing summary judgment, "a party must indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Dinnerstein v. Burlington Cty. College*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (quoting *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)). A properly filed request for additional discovery under Rule 56(d) is generally granted "as a matter of course." *Avandia*, 945 F.3d at 761 (quoting *Shelton*, 775 F.3d at 468). A request for additional discovery does not need to be made through a formal motion and can instead be raised through the brief opposing summary

judgment. *Shelton*, 775 F.3d at 567–68. The decision of whether to permit additional discovery is left to the discretion of the district court. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 324 n.6 (3d Cir. 2005) (citing *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)).

In this case, Holt requests additional discovery through his brief opposing Defendants' motion for summary judgment and through a declaration from his attorney. (*See* Doc. 113, pp. 22, 25; Doc. 114.) Holt's attorney states that Holt "need [sic] more discovery" so that he "can show more disputed material facts the dispute is genuine [sic] . . . particularly concerning the defendant's answers, defenses, and for intent and about comparator evidence." (Doc. 114, p. 1.) More discovery is also needed, according to Holt's attorney, "to examine discriminatory intent of the defendants, similarly, situated [sic] to others to the plaintiff, including, others not as harshly treated as he is in discipline." (*Id.* at 2.) Holt's attorney states that with "more Discovery, Mr. Holt can show 'pretext' better and allow a Jury to draw more reasonable inferences to return a verdict for Mr. Holt." (*Id.* at 1.) Holt's attorney further states that without additional discovery, Holt "cannot adequately reply to the Defendants' summary judgment motion." (*Id.*)

In terms of the specific material facts Holt hopes to uncover through discovery, Holt's attorney states that discovery is needed so that Holt can obtain "Discovery on the defendants' factual bases for their defenses and answers, what

witnesses will say at trial, and about the promotions denied to Mr. Holt," as well as "how promotions were conducted, people choses [sic], and essentially the entire process itself and in the past." (*Id.* at 2.) Holt's attorney notes that Holt has tried to obtain "discoverable records and sworn testimony from the defendants" for two years but that "further discovery is need is [sic] because the defendants did not comply with the broad and liberal discovery policy of the court, and they do not obey the court's order and/or the Discovery rules." (*Id.*)

The court will deny Holt's request for additional discovery because he has not sufficiently indicated what material facts he hopes to uncover through additional discovery. The discovery that Holt seeks is stated in such broad and sweeping categories—i.e., information about "the defendants' factual bases for their defenses and answers," information about how unspecified witnesses will testify at trial, and information about the process by which promotions are given within the PSP—that it is essentially just a general request for more discovery, which is insufficient to obtain additional discovery under Rule 56(d). *See, e.g.*, *Williams v. Gavin*, 640 F. App'x 152, 158 (3d Cir. 2016) (holding that party's statement that he was denied "valuable discovery," was not a sufficient statement to obtain additional discovery); *Malouf v. Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011) ("Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient." (citing *Hancock Indus. v.*

10

*Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987))). The only specific factual information that Holt seeks is an explanation from Defendants Morris, Cain, and Evanchick about meetings between those defendants and an explanation from Defendant Cain about a tape recording. (*See* Doc. 113, p. 22.) Holt does not explain, however, why that information is relevant or how it will help him defeat summary judgment. Accordingly, the court will deny Holt's request for additional discovery under Rule 56(d) because he has not established that additional discovery is necessary.

### B. Holt's Counter-Statement of Facts Is Stricken from the Record

The court will next address Defendants' request that the court strike Holt's counter-statement of material facts for violation of the Local Rules. Under Local Rule 56.1, the party opposing a motion for summary judgment is required to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs" in the moving party's statement of material facts. M.D. Pa. L.R. 56.1. The rule does not permit a non-moving party to file an additional statement of material facts that does not respond to the moving party's statement. *See, e.g.*, *Farmer v. Decker*, 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018) (disregarding non-movant's additional statement of facts for non-compliance with Local Rule 56.1); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (noting that a separate statement that is not responsive to movant's statement "is

neither contemplated nor permitted by the Local Rules"); *see also, e.g.*, *Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 87 (3d Cir. 2019) (upholding district court's decision to strike counter statement of facts under Local Rule 56.1). Accordingly, the court will disregard Holt's counter statement of material facts because it does not comply with Local Rule 56.1.

### C. Defendants' Motion for Summary Judgment Is Granted

The court turns its attention to the merits of Holt's claims. As noted above, Holt brings claims for race discrimination, retaliation, and hostile work environment discrimination. Holt's race discrimination claim is analyzed under the *McDonnell Douglas* burden-shifting framework.[4] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that standard, a plaintiff must first establish a prima facie case of discrimination, which requires the plaintiff to show (1) that he is a member of a protected class, (2) that he was qualified for the position he had, (3) that he suffered an adverse employment action, and (4) that the adverse employment action occurred under circumstances that could give rise to an inference of discrimination. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013). Once the plaintiff makes out a prima facie case of

---

[4] The substantive standards for discrimination and retaliation are generally the same under Title VII and the PHRA. *See, e.g.*, *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 300 (3d Cir. 2007); *Woodson v. Scott Paper Co.*, 109 F.3d 918, 932 n.20 (3d Cir. 1997)). The court will accordingly consider Holt's Title VII and PHRA claims together.

discrimination, the burden of production shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action. *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013). If the defendant does so, the burden shifts back to the plaintiff to show that the proffered nondiscriminatory reason was a pretext for intentional discrimination. *Id.*

To succeed on a retaliation claim, a plaintiff must establish that (1) he engaged in protected activity, (2) the defendant took an adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action. *Moody v. Atlantic City Bd. of Educ.*, 870 F.3d 206, 220 (3d Cir. 2017).

To succeed on a hostile work environment claim, a plaintiff must establish that (1) the plaintiff suffered intentional discrimination because of his membership in a protected class, (2) the discrimination was pervasive or severe, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would have detrimentally affected a reasonable person of the same protected class, and (5) the defendant is vicariously liable for the discrimination. *Mandel*, 706 F.3d at 167; *Carver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005).

Defendants in this case argue that they are entitled to summary judgment as to all of Holt's claims because Holt "cannot muster any competent evidence" to support his claims. (Doc. 109, p. 6.) Defendants first argue that Holt's retaliation

claims against the individual Defendants fail because there is no evidence that the defendants were personally involved in any adverse employment actions against Holt, there is no evidence of causation, and Defendants would have made the same decisions regardless of whether Holt had engaged in protected activity given that Holt had engaged in misconduct on several occasions. (*Id.* at 9–18.)

Defendants next argue that Holt's retaliation claim against the Commonwealth of Pennsylvania and the PSP fails because Holt's disciplinary history—which included an instance in which he had threatened to fight a subordinate officer, an instance in which he openly discussed an internal affairs investigation about one of his subordinate officers, and an instance in which he left a loaded handgun in a public bathroom—was a legitimate nondiscriminatory reason for the adverse actions taken against him and there is no evidence that his disciplinary history was a pretext for discrimination. (*Id.* at 18–22.)

Defendants similarly argue that Holt's race discrimination claims fail because Holt's numerous instances of misconduct were a legitimate nondiscriminatory reason for the adverse employment actions taken against him and because there is no evidence of race discrimination. (*Id.* at 22–25.) Finally, Defendants argue that Holt's hostile work environment claim fails because he did not exhaust the claim and there is no evidence that he was subjected to a hostile work environment. (*Id.* at 25–28.)

Holt opposes the motion, arguing that there are genuine issues of material fact that preclude summary judgment. (Doc. 113.) Conspicuously absent from Holt's brief, however, is any evidence to support his claims. In his 26-page brief opposing the motion for summary judgment, Holt cites exactly three items of evidence: a declaration to support the contention that the PSP has a progressive disciplinary policy; an expert report to support the contention that he has suffered $500,000 in economic damages; and a declaration to support the contention that Defendant Cain spoke about Holt during a phone conference on one occasion, which Holt cites twice. (*see* Doc. 113, pp. 11, 15, 19, 21.)[5] Holt's response to Defendants' statement of material facts is similarly deficient, as it cites once to a declaration from Holt to support the conclusory allegation that a disciplinary action report issued against Holt was "part of the pattern of antagonism and discrimination and retaliation," but otherwise completely fails to cite evidence to support Holt's claims. (*See* Doc. 113-1, ¶ 4.)

---

[5] Holt additionally offers testimony and other exhibits from "Holt I," to support his claims. (*See, e.g.*, Doc. 113, p. 18.) Holt does not define what this case is, he does not provide a citation for the case, and he does not provide any authority to support the contention that the court may consider evidence from another case as evidence in this case. Accordingly, the court will disregard the evidence offered from "Holt I." The court will also disregard the portions of Holt's brief that he incorporates from his brief in *Holt v. Commw. of Pa. State Police Dep't*, No. 1:18-CV-02448 (M.D. Pa. filed Dec. 28, 2018), *see, e.g.*, Doc. 113, pp. 11–12, because such incorporation is not allowed by the Local Rules of this district. *See* M.D. Pa. L.R. 7.8(a) ("No brief may incorporate by reference all or any portion of any other brief.").

Although Holt argues that "there is sufficient evidence" to support his claims "[f]rom the record," *see id.* at 4, he also appears to argue that any deficiency in the evidence he has produced does not matter. (*See* Doc. 113, p. 24.) Specifically, Holt argues that he has no burden to produce any evidence to support his claims because the Defendants "fail to satisfy their Rule 56 burden, so the burden never shifts to Mr. Holt." (Doc. 113, p. 24.) Holt argues that the Defendants "do not show there are no undisputed material facts" and "utterly fail" to show that they are entitled to judgment as a matter of law. (*Id.*)

Holt's argument is contrary to controlling Supreme Court precedent. Under *Celotex*, a party moving for summary judgment may discharge its burden under Rule 56 "by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once such a showing has been made, the burden shifts to the non-movant to come forward with evidence that shows there is a triable issue of fact. *Id.* at 324; *see also Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."). If the non-moving party does not produce sufficient evidence for the case to go to trial, summary judgment is appropriate. *Anderson*, 477 U.S. at 249.

That is exactly the case here.  Holt cites only four items of evidence, none of which establish any of the elements necessary to support any of his claims.  Thus, it is not necessary for the court to go through the elements of each of Holt's claims and determine whether there is any evidence to support those claims, because the answer is always the same: there isn't.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.  An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: August 10, 2021